UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

KARLA HINE,

        Plaintiff,

v.

BANK OF AMERICA, N.A., et al.,

        Defendants.

2:11-CV-557 JCM (LRL)

**ORDER**

Presently before the court is *pro se* plaintiff Karla Hine's motion for default judgment. (Doc. #11). Defendants Bank of America, N.A., BAC Home Loans Servicing, LP, and Recon Trust Company, N.A. filed a response to the motion for default. (Doc. #12). Plaintiff failed to file a reply, but filed an affidavit requesting default judgment (doc. #17) and an amended motion for default judgment (doc. #21).

Pursuant to Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Federal Rule of Civil Procedure 55(b)(2) provides that "a court may enter a default judgment after the party seeking default applies to the clerk of the court as required by subsection (a) of this rule."

**James C. Mahan**
**U.S. District Judge**

As the plaintiff has not filed a motion for entry of clerk's default[1] and the court has not entered default against the defendants, the plaintiff's present motions for entry of default judgment (docs. #11, #17, and #21) are improper. Fed. R. Civ. P. 55(b)(2). Even absent the procedural deficiencies, when considering the factors for default judgment, the court finds that default judgment is not appropriate in this case.

In determining whether to enter default judgment against the defendants, the court looks at the following factors: (1) prejudice to the plaintiff, (2) the merits of the plaintiff's substantive claims, (3) the sufficiency of the complaint, (4) the sum of money involved in the action, (5) the possibility of a dispute over the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy of the federal rules in favor of deciding disputes on the merits. *Eitel v. McCool,* 792 F.2d 1470, 1471 (9th Cir. 1986).

Here, these factors weigh against the plaintiff. First, the plaintiff would not be prejudiced if default was not entered against the defendants. The complaint (doc. #5) was filed on April 28, 2011, and the defendants' answers were due June 8, 2011. Two days after the answers were due, on June 10, 2011, defendants' counsel filed a notice of appearance in the case (doc. #10). Three days later, on June 13, 2011, plaintiff filed her first motion for default judgment (doc. #11). Therefore, as plaintiff filed her motion (doc. #11) without providing notice of her intent to take default and *after* defendants gave notice that they intended to defend themselves in the matter, plaintiff will not be prejudiced by the denial of the default judgment.[2] Further, the denial does not stop her from bringing

---

[1] In the plaintiff's affidavit requesting default judgment (doc. #17), she states that she is requesting "that the [c]ourt [c]lerk enter default judgment" against the defendants. However, under the Federal Rules of Civil Procedure, the clerk enters default first through a motion for entry of clerk's default, and then plaintiff is required to request *default judgment* against the defendants. Fed. R. Civ. P. 55(a) and (b).

[2] Pursuant to Nevada Rule of Professional Conduct 3.5A, "[w]hen a lawyer knows or reasonably should know the identity of a lawyer representing an opposing party, he or she should not take advantage of the lawyer by causing any default or dismissal to be entered without first inquiring about the opposing lawyer's intention to proceed." Although plaintiff is proceeding *pro se,* seeking default after learning of the defendants' intent to defend weighs against granting default, and would actually prejudice the defendants.

James C. Mahan
U.S. District Judge

- 2 -

1  her claims; rather it allows her case to continue and her claims to be decided on their merits.

2  Next, the court examines the merits of plaintiff's claims and the sufficiency of her complaint.
3  Here, the defendants provide the court with several reasons why the complaint fails, including
4  insufficiently pleading fraud claims and alleging violations of a debt collections act where there is
5  not a debt collecting defendant named. *See e.g. Hulse v. Ocwen Fed. Bank FSB,* 195 F.Supp.2d 1188
6  (D.Or. 2002); *Charov v. Perry,* 2010 U.S. Dist. LEXIS 65798 (D. Nev. 2010) (holding that recording
7  a notice of default is not an attempt to collect a debt because the borrower already consented to allow
8  the foreclosure trustee to record the notice upon default.). Thus, the second and third factors weigh
9  towards denying default judgment.

10  The fourth factor also supports denying the motion, because the amount of money at
11  issue–$750,000 in damages, plus an award of punitive damages–is very substantial. With regards
12  to the fifth factor, the possibility of a dispute over factual allegations, the defendants' pending
13  motion to dismiss (doc. #13) is evidence that factual disputes exist. Since defendants' counsel filed
14  his notice of appearance only two days after the deadline, allegedly because he had just received the
15  complaint, the sixth factor, excusable neglect, also weighs in defendants' favor. Finally, as the court
16  has been presented with evidence that a factual dispute does exist in the case, and finds that the
17  defendants did not disregard the summons and complaint, but missed a deadline and do intend on
18  defending themselves, the court is inclined to decide the case on its merits rather than enter default
19  judgment.

20  Accordingly,

21  IT IS HEREBY ORDERED ADJUDGED AND DECREED that *pro se* plaintiff Karla Hine's
22  motion for default judgment (doc. #11), affidavit requesting default judgment (doc. #17), and
23  amended motion for default judgment (doc. #21) be, and the same hereby are, DENIED.

24  DATED July 13, 2011.

25

26  _____
   **UNITED STATES DISTRICT JUDGE**

27

28

**James C. Mahan**
**U.S. District Judge**

- 3 -