# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

KARLA HINE,

        Plaintiff,

v.

BANK OF AMERICA, N.A., et al.,

        Defendants.

2:11-CV-557 JCM (LRL)

**ORDER**

Presently before the court is plaintiff Hine's memorandum for clarification of the court's order (doc. #25). Defendants did not file a response to the memorandum.

On July 13, 2011, the court entered an order denying plaintiff's *pro se* motions for default judgment (docs. #11, #17, and #21). (Doc. #23). Despite the fact that the defendants' counsel filed a notice of appearance two days after the answers were due, the court found that after examining the factors enumerated by the Ninth Circuit, it was inclined "to decide the case on the merits rather than enter default judgment." *Eitel v. McCool,* 792 F.2d 1470, 1471 (9th Cir. 1986)[1]. Specifically, the court held that plaintiff would not be prejudiced, as she could still bring her claims and have them decided on the merits. Further, since the court was presented with evidence that there is a dispute

---

[1] In determining whether to enter default judgment against the defendants, the court looked at the following factors: (1) prejudice to the plaintiff, (2) the merits of the plaintiff's substantive claims, (3) the sufficiency of the complaint, (4) the sum of money involved in the action, (5) the possibility of a dispute over the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy of the federal rules in favor of deciding disputes on the merits.

**James C. Mahan**
**U.S. District Judge**

1  regarding the allegations in the complaint, it was inclined to allow the case to proceed.

2  In the present motion (doc. #25), plaintiff asks this court to clarify its order (doc. #23) with regards to defendant Wells Fargo Bank, N.A. In the court's order, it referenced the defendants' counsel's notice of appearance (doc. #10), and how the fact that it was only two days late did not warrant granting default judgment. In the notice of appearance (doc. #10), attorneys Ariel E. Stern and Steven G. Shevorski entered appearances as counsel of record for defendants Bank of America, N.A., BAC Home Loans Servicing, LP, and Recontrust Company, N.A. Subsequently, Mr. Shevorski filed a motion to dismiss (doc. #13) on behalf of *all* defendants, including Wells Fargo Bank, N.A.

9  Since defendant Wells Fargo, N.A. was not mentioned in the notice of appearance (doc. #10) and was not a party to the opposition to the motions for default (doc. #12), plaintiff questions whether the court's order denying default pertains to Wells Fargo, N.A.  As evidenced from the filings[2] (Case No. 2:11-cv-00557-JCM-LRL), defendant Wells Fargo, N.A. has appeared in this case and is represented by Mr. Stern and Mr. Shevorski. Therefore, default judgment against Wells Fargo, N.A. is not appropriate. *Eitel,* 792 F.2d 1470, 1471.

15  Accordingly,

16  IT IS HEREBY ORDERED ADJUDGED AND DECREED that the court's order denying default judgment (doc. #23) pertains to defendant Wells Fargo, N.A.

18  DATED August 8, 2011.

_____
UNITED STATES DISTRICT JUDGE

---

[2] Mr. Shevorski filed, on behalf of Wells Fargo, N.A. and the other defendants, a motion to dismiss (doc. #13), a motion to expunge lis pendens (doc. #16), a certificate of service (doc. #15), a reply to the motion to dismiss (doc. #22), and a response to the motion to amend (doc. #24).

**James C. Mahan**
**U.S. District Judge**

- 2 -