# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

KARLA HINE,

    Plaintiff,

v.

BANK OF AMERICA, N.A., et al.,

    Defendants.

2:11-CV-557 JCM (LRL)

**ORDER**

Presently before the court is plaintiff Karla Hine's *pro se* motion to amend. (Doc. #33). Plaintiff previously filed a motion to amend that was denied, without prejudice, by the court for failure to attach a copy of the proposed amended complaint pursuant to Local Rule 15-1(a). (Doc. #34). Plaintiff has attached a proposed amended complaint to the instant motion. (Doc. #33, Ex. 1). Defendants Bank of America, N.A., et. al. filed an opposition. (Doc. #35).

Plaintiff seeks to amend her complaint to challenge: (1) the assignment of the deed of trust, arguing that ReconTrust did not have authority to foreclose, and (2) the sufficiency of the notice of default and election to sell, asserting that it did not identify the beneficiary of the deed of trust. (Doc. #33).

In response, defendants allege that plaintiff's proposed amended complaint is a form complaint, unsupported by any factual basis. (Doc. #35). Additionally, defendants assert that plaintiff's motion to amend should be denied because it would be futile. (Doc. #35). First, pursuant to NRS 104.3205(1), Wells Fargo properly appointed ReconTrust as trustee. (Doc. #35). Second,

**James C. Mahan**
**U.S. District Judge**

1  the notice of default and election of sale did not suffer from procedural deficiencies under NRS
2  107.080 *et. seq.* (Doc. #35).
3        Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend "shall be freely given
4  when justice so requires." Absent a showing of an "apparent reason" such as undue delay, bad faith,
5  dilatory motive, prejudice to the defendants, futility of the amendments, or repeated failure to cure
6  deficiencies in the complaint by prior amendment, it is an abuse of discretion for a district court to
7  refuse to grant leave to amend a complaint. *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531,
8  538 (9th Cir. 1989). The local rules of federal practice in the District of Nevada require that a
9  plaintiff submit a proposed amended complaint along with the motion to amend. LR 15-1(a).
10        At the motion to amend stage, the court is not inclined to find that plaintiff's proposed
11  amended complaint is so clearly futile that leave to amend should be denied. *See Moore*, 885 F.2d
12  at 538; *see also Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002). While
13  plaintiff's *pro se* pleadings are far from clear, the court must construe them liberally. *Bernhardt v.*
14  *Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003). Based on the motion to amend, the
15  proposed amended complaint, and defendants' rather conclusory opposition, the proposed
16  amendments are not clearly futile at this early stage of litigation. Defendants' objections to
17  plaintiff's proposed amended complaint are more properly addressed in a fully briefed motion to
18  dismiss.
19        Accordingly,
20        IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff Karla Hine's *pro*
21  *se* motion to amend (doc. #33) be, and the same hereby is, GRANTED.
22        IT IS FURTHER ORDERED that plaintiff file and serve the amended complaint (doc. #33,
23  ex. 1) with the court.
24  . . .
25  . . .
26  . . .
27  . . .
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1    IT IS FURTHER ORDERED that defendants Bank of America, N.A., et. al.'s motion to
2  dismiss (doc. #13) be, and the same hereby is, DENIED, without prejudice, as moot.
3    DATED November 10, 2011.

4
5                                              _____
                                                              UNITED STATES DISTRICT JUDGE
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**James C. Mahan**
**U.S. District Judge**