1
2
3
4
5          **UNITED STATES DISTRICT COURT**
6          **DISTRICT OF NEVADA**
7

| KARLA HINE, | 2:11-CV-557 JCM (CWH) |
| Plaintiff, | |
| v. | |
| BANK OF AMERICA, N.A., et al., | |
| Defendants. | |

**ORDER**

Presently before the court is defendants Bank of America, N.A., et. al.'s motion to dismiss. (Doc. #38). *Pro se* plaintiff Karla Hine filed an opposition. (Doc. #41). Defendants did not file a reply. Also before the court is defendants' motion to expunge lis pendens. (Doc. #16).

Pursuant to Federal Rule of Civil Procedure 41(b), defendants move to dismiss the above-captioned case for failure to prosecute. (Doc. #38). Plaintiff has sought leave to file an amended complaint three times with the court. (*See* Docs. #20, #26, and #33). The court denied plaintiff's first two motions to amend because she failed to attach a proposed amended complaint to her motion. (Doc. #34). On November 10, 2011, the court granted plaintiff's third motion for leave to file an amended complaint and ordered plaintiff to "file and serve the amended complaint . . . with the court." (Doc. #36).

Plaintiff still had not filed her amended complaint on February 2, 2012, when defendants filed the instant motion to dismiss. (Doc. #38). In the motion to dismiss, defendants assert that plaintiff's delay in filing the amended complaint is unreasonable. They argue that plaintiff's failure

**James C. Mahan**
**U.S. District Judge**

1  to file an amended complaint for almost three months after the court's order causes prejudice to
2  defendants.  Finally, defendants assert that plaintiff has "delay[ed] foreclosure for over 2 years by
3  tying up this property through litigation."  (Doc. #38).

4  On February 21, 2012, the same day she filed her opposition to the instant motion, plaintiff
5  filed her amended complaint. (Doc. #42). The amended complaint was filed more than three months
6  after the court's order granting leave to amend was entered.  (*See* Doc. #36).  In her opposition,
7  plaintiff states that defendants "have done everything possible to obstruct plaintiff (sic) investigation,
8  [and] this matter must move forward to discovery so that the veil of obstruction can be removed."
9  (Doc. #41).  Plaintiff also notes that she now has filed an amended complaint.  (Doc. #41).

10  A dismissal under Rule 41(b) "must be supported by a showing of unreasonable delay."
11  *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).  In addition, the district court must
12  weigh the following factors in determining whether a Rule 41(b) dismissal is warranted: (1) the
13  public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3)
14  the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their
15  merits; and (5) the availability of less drastic sanctions." *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084
16  (9th Cir. 2010).

17  The court finds that a delay of more than three months is unreasonable.  Plaintiff attached her
18  proposed amended complaint to the motion for leave to amend, yet still waited from November to
19  February to file her amended complaint with the court.  This extended delay is prejudicial to
20  defendants.  The court further finds that the five *Omstead* factors weigh in favor of dismissal.  *See*
21  *Omstead*, 594 F.3d at 1084.

22  Accordingly,

23  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants Bank of
24  America, N.A., et. al.'s motion to dismiss (doc. #38) be, and the same hereby is, GRANTED.

25  . . .
26  . . .
27  . . .
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1    IT IS FURTHER ORDERED that defendants Bank of America, N.A., et. al.'s motion to
2 expunge lis pendens (doc. #16) be, and the same hereby is, GRANTED.
3    DATED March 7, 2012.

_____
UNITED STATES DISTRICT JUDGE